UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOWARD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HAIN CELESTIAL GROUP, INC.,<br><br>    Defendant. | Case No. 22-cv-00527-VC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

    The motion to dismiss is granted. FDA regulations provide that "no nutrient content claims may be made on food intended specifically for use by infants and children less than 2 years of age" unless certain exceptions apply. 21 C.F.R. § 101.13(b)(3). The plaintiffs allege that Hain manufacturers baby foods that violate the regulation by including nutrient content labels. They bring claims under California state law for Hain's allegedly unlawful use of nutrient content labels. They also allege that the labels are misleading to consumers.

    The complaint fails to state facts plausibly suggesting that Hain's food products are "intended specifically" for children under age 2. It identifies several different products, including squeezable smoothie and puree pouches, some of which showcase cartoon characters. And the complaint points out that these products can be found in the baby food section of grocery stores. But it fails to explain why squeezable pouch packaging or the presence of cartoon characters means that Hain's products are intended *specifically* for children under age 2.

    More importantly, as Hain points out by attaching photos to its motion, the products are affixed with a label above the nutritional information box explaining that they are for children *over* age 2. Although the plaintiffs included photos of the front of the food products in their

complaint, they did not attach any photos of the back of the products showing the age label. Perhaps there could be a case where the fine print of a label states "for children over age 2" but a company could still violate the FDA regulation by making other statements and engaging in other conduct that clearly evinces an intent to market the product to children under age 2. But the plaintiffs do not come close to alleging that here. What's more, the failure to attach the photos of the back label raises serious Rule 11 concerns about the lawyers from Gutride Safier who put their names on the complaint, including partners Seth Safier and Marie McCrary.

The claim that the products are misleading—separate and apart from the FDA regulations—makes little sense. The complaint does not assert that the nutrient labels are false or incorrect. Instead, the plaintiffs allege that Hain's nutrient labels mislead because reasonable consumers will think Hain's products are superior as compared with competing foods. But claims of that sort are not cognizable under California law. "[S]tatements a business affirmatively and truthfully makes about its product and which do not on their face mention or otherwise reference its competing products" are "not actionable as a matter of law." *Schaeffer v. Califia Farms, LLC*, 44 Cal.App.5th 1125, 1139 (Cal. Ct. App. 2020).

The Court is skeptical that the plaintiffs will be able to adequately plead a violation of California's consumer protection laws. But out of an abundance of caution, the plaintiffs are granted leave to amend. An amended complaint is due within 21 days. If an amended complaint is filed, and if it is even nearly as misleading as the current complaint, counsel for the plaintiffs will be sanctioned. If no amended complaint is filed within 21 days, dismissal will be with prejudice.

**IT IS SO ORDERED.**

Dated: May 12, 2022

_____
VINCE CHHABRIA
United States District Judge