UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOWARD, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HAIN CELESTIAL GROUP, INC.,<br><br>　　　　Defendant. | Case No. 22-cv-00527-VC<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 41, 42 |

　　The motion to dismiss is denied in part and granted in part.

　　The FDA prohibits most nutrient content claims on foods "intended specifically for use by infants and children less than 2 years of age." 21 C.F.R. § 101.13(b)(3). The plaintiffs allege that Hain Celestial violated this regulation by including nutrient content claims on their cookies, crackers, corn puffs, and pureed food pouches. Based on these alleged violations, the plaintiffs bring a cause of action under the unlawful prong of California's Unfair Competition Law, as well as several causes of action alleging that the nutrient content claims are misleading.

　　1.　　*Request for Judicial Notice*. Hain Celestial asks the Court to take judicial notice of the packaging of the products that form the basis of this suit, several pages from its website, and a page from the CDC's website. *See* Dkt. No. 42. The request is granted. *See Manchouck v. Mondelez International Inc.*, No. 13-2148, 2013 WL 5400285, at *3 (N.D. Cal. Sept. 26, 2013); *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1120 (S.D. Cal. 2021); *King v. County of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018).

2.  *Standing.* Because the nutrient content claims are potentially misleading, as discussed below, the plaintiffs are not suing over a "bare procedural violation" of the FDA's regulations, and they have Article III standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)*; see also Paschoal v. Campbell Soup Co.*, No. 21-CV-07029, 2022 WL 4280645, at *5 (N.D. Cal. Sept. 15, 2022)

3.  *Unlawful Claim.* The unlawful prong of the UCL "borrows" predicate legal violations from other areas of law, making them independently actionable. *Wang v. Massey Chevrolet*, 97 Cal. App. 4th 856, 871 (2002). Hain Celestial argues that its products do not violate the FDA regulation because they are not "intended specifically" for children under two. If that's true, then the plaintiffs' claim under the unlawful prong should be dismissed.

The FDA has not defined the term "intended specifically," but its guidance suggests that it means something like "intended primarily" for children under two. 58 Fed. Reg 2302, 2305 (Jan. 6, 1993). The complaint offers enough facts to plausibly suggest the products are intended specifically or primarily for children under two: among other allegations, the plaintiffs say that Hain Celestial labels some of the products as suitable for children in "Stage 3," which it defines to include children over 9 months old; it characterizes the products as "toddler food" on its website; it features pictures of babies eating the products on social media; it captions pictures of the products "#babyfood;" it sends free samples of the products to consumers with children under two and features their reviews on its website; some of its labels suggest the products should be fed to toddlers with the ability to "chew solid foods;" and it sells the products in the baby food aisle of its retailers.

Hain Celestial counters these allegations by pointing to disclaimers on the products stating that they are for ages two and up. These disclaimers—written in small text and often

placed on the back of the label—cannot vitiate Hain Celestial's intent as a matter of law. *Cf. Williams v. Gerber Products Co.*, 552 F.3d 934, 939–40 (9th Cir. 2008); *Locklin v. StriVectin Operating Co., Inc.*, No. 21-CV-07967, 2022 WL 867248, at *3 (N.D. Cal. Mar. 23, 2022). Based on the totality of the complaint, it is plausible to assume the products are intended specifically for children under two, even with these disclaimers.

4. *Specific Statements Allowed by the FDA.* Hain Celestial argues that, even if the plaintiffs had adequately alleged that the products were intended specifically for children under two, some of the statements cited by the plaintiffs do not violate the FDA's regulations.

First, Hain Celestial argues that "made with real yogurt" is not a nutrient content claim, and so it is permitted. According to the FDA, "[a] claim about the presence of an ingredient that is perceived to add value to the product, e.g., 'made with real butter,' 'made with whole fruit,' or 'contains honey'" is "generally" not a nutrient content claim. 21 C.F.R. § 101.65(b)(3). However, where a label describes "an ingredient…in a manner that suggests that a nutrient is absent or present in a certain amount," that statement qualifies as an implied nutrient content claim. 21 C.F.R. § 101.13(b)(2)(i). For instance, the phrase "high in oat bran" is an implied nutrient content claim because it suggests the product is high in fiber. *Cf.* 21 C.F.R. § 101.65(c)(3). The plaintiffs have not included specific allegations to suggest that the reference to yogurt implies that the product contains a specific nutrient. By referring to "real" yogurt, the statement seems intended to highlight an ingredient "perceived to add value to the product." Indeed, the FDA's regulations state that a similar reference to "real butter" is not a nutrient content claim. As such, the plaintiffs have not adequately alleged that the "made with real yogurt" statement is actionable.

The "full serving of fruit per pouch" claim, however, is a nutrient content claim. A

statement may be an implied nutrient content claim if it implies that an "*ingredient* is absent or present in a certain amount," and the statement "full serving" does just that. 21 C.F.R. § 101.65(c)(1) (emphasis added). The phrase "full serving" also seems to suggest that the product includes a specific amount of the nutrients associated with fruit, rather than just noting that the food *includes* "whole fruit." This statement is therefore actionable.

Finally, Hain Celestial argues that the "excellent source" claims are authorized by the FDA's regulations. The FDA allows products intended specifically for children under two to include statements that "describe[] the percentage of a vitamin or mineral in the food…in relation to a Reference Daily Intake (RDI)… unless such claim is expressly prohibited by regulation under section 403(r)(2)(A)(vi) of the act." 21 C.F.R. § 101.13(q)(3). Elsewhere in its regulations, the FDA provides that term "excellent source" may be used on the labels of food, "except meal products as defined in § 101.13(l) and main dish products as defined in § 101.13(m), provided that the food contains 20 percent or more of the RDI or the DRV per reference amount customarily consumed." 21 C.F.R. § 101.54(b)(1). The plaintiffs do not appear to argue that the foods here qualify as "meal products" or "main dish products." The "excellent source" statements, then, are statements that describe the percentage of a vitamin or mineral in the food in relation to RDI, and so they are authorized by the FDA's regulations.[1]

5.     *Fraud-Based Claims*. The fraud-based claims are a closer call. To prevail on these claims, the plaintiffs must show that the nutrient content claims would mislead a reasonable consumer. *Moore v. Trader Joe's Co.,* 4 F.4th 874, 881 (9th Cir. 2021). The plaintiffs allege that

---

[1] The plaintiffs cite to a warning letter from the FDA which states that "good source" claims were not permitted on products specifically intended for children under two, but in that case, the defendants did "not contest" that the products might be main dish or meal products. *Bruton v. Gerber Products Co.*, 961 F. Supp. 2d 1062, 1093–94 (N.D. Cal. 2013).

4

the claims are misleading for at least three reasons: the claims suggest that an increased intake of the advertised nutrients is beneficial, that the products are healthful sources of nutrients for children under two, and that the products are sufficient to meet children's nutrient needs, leading parents to forego more beneficial foods.

Hain Celestial argues that the labels cannot be misleading because they accurately describe the nutrition content of the products, and a plaintiff cannot state a plausible claim by alleging that "a consumer will read a true statement on a package and will then…assume things about the products *other than* what the statement actually says." *Red v. Kraft Foods, Inc.*, No. 10-1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012).

It is true that some of the plaintiffs' assumptions about the healthiness of these products seem somewhat far removed from the nutrient content claims themselves. But the FDA has concluded that even accurate nutrient content claims can be misleading. According to the FDA, "[a] statement that a food contains X percent of a nutrient implies that the food is useful in maintaining healthy dietary practices." 56 Fed. Reg. 60421, 60426 (Nov. 21, 1991). Because many consumers have "limited knowledge" of their nutrition needs, nutrient content claims "[b]y [their] very presence" give consumers "the false impression that the product [will] assist them in maintaining healthy dietary practices relative to the amount of the nutrient consumed." *Id.* According to the plaintiffs, this is true especially in the context of baby food because there is limited research on the recommended food patterns for those under two, and nutrition recommendations for those under two can vary dramatically by age. In light of the FDA's regulations, the plaintiffs have offered enough to suggest that the nutrient content claims could mislead a reasonable consumer. *See Marek v. Molson Coors Beverage Co.*, 580 F. Supp. 3d 848, 861–62 (N.D. Cal. 2022) (relying on FDA guidance to hold that truthful nutrient content claims

5

could be misleading). Because the "excellent source" and "made with real yogurt" statements are not nutrient content claims, however, the plaintiffs have not shown that those claims could be independently misleading.[2]

\* \* \*

The motion is granted as to the "excellent source" and "made with real yogurt" statements, but it is denied as to the remaining claims. Dismissal is with leave to amend if the plaintiffs can include allegations to support the dismissed claims. Any amended complaint is due within 14 days of this order. Alternatively, if discovery on the surviving claims reveals additional information that would support the dismissed claims, the plaintiffs can seek leave to amend at that time.

A case management conference is set for November 9, 2022 at 1pm via Zoom. A case management statement is due by November 2, 2022.

**IT IS SO ORDERED.**

Dated: October 19, 2022

VINCE CHHABRIA
United States District Judge

---

[2] Assuming the truth of the allegations in the complaint, there is another way in which Hain Celestial's labels are likely misleading to a reasonable consumer. Because the FDA regulations preclude other companies from making nutrient content claims about foods specifically intended for children under two, Hain Celestial would obtain an unfair advantage over those other companies by making those prohibited claims. In a side-by-side comparison of products at the grocery store, it seems plausible that a consumer would be misled into thinking that Hain Celestial's products were more nutritious than those of the companies that are following the law. But this theory is foreclosed by *Shaeffer v. Califia Farms*, which held that a truthful statement about a product that does not "on [its] face mention or otherwise reference…competing products" cannot give rise to a fraud-based claim. 44 Cal. App. 5th 1125, 1139 (2020). It's difficult to understand how the California Court of Appeal could have reached this conclusion, particularly at the pleading stage. And the Court did not specifically consider the impact of its rule on claims involving truthful, but unlawful, statements. But this Court is bound by that ruling, at least for purposes of this motion, because the plaintiffs have not presented clear evidence that the California Supreme Court would decide this issue differently. *Norcia v. Samsung Telecommunications America, LLC*, 845 F.3d 1279, 1284 (9th Cir. 2017).