UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOWARD, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HAIN CELESTIAL GROUP, INC.,<br><br>        Defendant. | Case No. 22-cv-00527-VC<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 98 |

    The parties are ordered to submit supplemental letter briefs on the following questions:

    1. It's obvious that that the proposed class for the fraud-based claims is overbroad because it includes parents who purchased the products for children who were not under two. The Court is tentatively of the view that the same is true of the proposed class for the UCL unlawful claim. According to the plaintiffs' theory, the nutrient content claims are "unlawful" because they are misbranded. But misbranding is not injurious simply because it violates the law; it is injurious because it risks misleading people. In this case, the only people who risk being misled by the misbranding are parents purchasing the products for children under two. And presumably a high percentage of the proposed class members do not fall in that category. The parties should discuss this issue and cite to any case law (whether or not it supports them) on whether it would be appropriate to certify a class that includes a substantial percentage of people who were not at risk of being misled by the alleged misbranding.

    2. Assuming it would not be appropriate to certify the broad class proposed by the plaintiffs, the Court is tentatively of the view that it cannot, on this record, simply limit the class to parents who purchased the products for children under two, because the plaintiffs have not

presented a basis for determining the size of that class (that is, the estimated percentage of purchases that were for children under two), which would be necessary for presenting a damages/restitution calculation to the jury. The parties should discuss this issue and cite to any case law (whether or not it supports them) that speaks to it.

    3. Assuming the Court denies class certification for the reasons stated in the preceding paragraphs, the question is whether denial should be without prejudice to filing a renewed motion. In addition to the general issue of whether allowing a renewed motion would be fair to the defendant, this raises the issue of whether the plaintiffs would be able to get the narrower class certified. The plaintiffs have not adequately responded to the defendant's argument that, on these facts, the reliance issue precludes class certification, given the possibility that a significant portion of the class saw a message (either on the label or when purchasing online from a retailer) that the products were not for children under two. *See Downey v. Public Storage Inc.*, 44 Cal. App. 5th 1103, 1117–19 (2020); *Tucker v. Pacific Bell Mobile Services*, 208 Cal. App. 4th 201, 222–28 (2012); *Mazza v. American Honda Motor Company, Inc.*, 666 F.3d 581, 596 (9th Cir. 2012); *Caro v. Procter & Gamble Company*, 18 Cal. App. 4th 644, 666–69 (1993); *see also, e.g.*, *Hall v. Marriott International, Inc.*, 344 F.R.D. 247, 276–78 (S.D. Cal. 2023). The parties should discuss this specific issue, as well as the more general issue of whether it would be fair to give the plaintiffs another crack at class certification.

    Letter briefs are due within 7 days of this order and may not exceed 7 pages, single-spaced, excluding signature lines. The parties may not submit new evidence with their letter briefs. They may discuss only evidence that is already in the record.

    **IT IS SO ORDERED.**

Dated: January 23, 2024

_____
VINCE CHHABRIA
United States District Judge