**JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654
Phone:        (312) 222-9350
Facsimile:    (312) 527-0484

**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
Madeline P. Skitzki (Cal. Bar No. 318233)
mskitzki@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071
Phone:        (213) 239-5100
Facsimile:    (213) 239-5199

Attorneys for Defendant
The Hain Celestial Group, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOWARD, ADINA RINGLER, and TRECEE ARTIS, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>Defendant. | Case No. 3:22-cv-527-VC<br><br>The Honorable Vince Chhabria<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL (CIVIL L.R. 79-5)** |

Pursuant to Civil Local Rules 7-11 and 79-5, Hain Celestial seeks to seal the following documents previously submitted in connection with the briefing on Plaintiffs' class certification motion: (1) Exhibits 4, 7, 8, 10, 11, 12, 14, 15, 16, and 17 to the Declaration of Hayley Reynolds (ECF No. 98-1); (2) Exhibit 43 to the Declaration of Alexander M. Smith (ECF No. 117-1); and (3) Exhibits 1 and 2 to the Declaration of Patrick Branson (ECF No. 129-1).

## ARGUMENT

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  Thus, in deciding whether to seal documents, "the court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Because this motion to seal concerns documents submitted in connection with a class certification motion, the Court may seal those documents based on a finding that there are "compelling reasons" to seal those documents. *Ctr. v. Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016); *cf. Corvello v. Wells Fargo Bank N.A.*, No. 10-5072, 2016 WL 11730952, at *1 (N.D. Cal. Jan. 26, 2016) (Chhabria, J.) (applying "compelling reasons" standard to motion to seal documents submitted at the class certification stage).

As relevant here, there are compelling reasons to seal "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.  To that end, it is well-established that protective orders and filings under seal allow parties to preserve their "legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992); *see also Nevro Corp. v. Boston Sci. Corp.*, No. 16-6830, 2017 WL 2687806, at *2 (N.D. Cal. June 22, 2017) (granting motion to seal when "disclosure could harm BSC's competitive standing").  This includes, among other things, information that would reveal a party's

"confidential marketing strategy" to its competitors and the public. *Miotox v. Allergan, Inc.*, No. 14-8723, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016).[1]

Hain Celestial is mindful that the Court directed it to submit a "much narrower" sealing request. ECF No. 140. To that end, Hain Celestial no longer seeks to seal any material set forth in Plaintiffs' class certification motion, Hain Celestial's opposition brief, or Plaintiffs' reply brief, and it does not seek to seal all of the exhibits it initially sought to seal. Hain Celestial nonetheless maintains that several exhibits contain commercially sensitive information that merits sealing:

1.  Exhibit 4 to the Declaration of Hayley Reynolds consists of a presentation titled "Earth's Best Update Sesame Street Partnership Meeting." The presentation includes a slide titled "Earth's Best Sesame Street Performance," which includes detailed financial data related to the performance of the products at issue. The presentation also includes information on several slides related to specific products that reflects their year-over-year sales performance. That information is competitively sensitive, confidential business information whose disclosure would place Hain Celestial at a significant risk of competitive harm. It is therefore properly subject to sealing. *See, e.g.*, *Nixon*, 435 U.S. at 598 (noting that sealing is appropriate with respect to "sources of business information that might harm a litigant's competitive standing"); *Adobe*, 141 F.R.D. at 161–62 (noting that sealing is proper when used to protect parties' "legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated").

2.  Exhibit 7 to the Declaration of Hayley Reynolds consists of a presentation titled "FY 20 Innovation." The presentation reflects confidential and proprietary consumer research, discusses the anticipated timing and positioning of various new Hain Celestial products, and

---

[1] *See also, e.g.*, *Bauer Bros. LLC v. Nike, Inc.*, No. 09-500, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (noting that "public disclosure of Nike's confidential business materials, including marketing strategies, sales and retailer data, product development plans, unused prototypes, and detailed testimony regarding the same, could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development"); *Algarin v. Maybelline, LLC*, No. 12-3000, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (noting that "[p]ublic disclosure of L'Oréal's confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate L'Oréal's business practices and circumvent the time and resources necessary in developing their own practices and strategies").

includes confidential information related to Hain Celestial's pricing strategy for certain products. The information in this presentation is competitively sensitive, confidential business information whose disclosure would place Hain Celestial at a significant risk of competitive harm. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

3. Exhibit 8 to the Declaration of Hayley Reynolds consists of a presentation titled "Whole Foods Market Baby Products Category Review 2022."[2] The presentation includes detailed financial data related to the performance of the products at issue, references confidential and proprietary consumer research, and discusses the positioning of Hain Celestial's products vis-à-vis those sold by competing manufacturers. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Whole Foods on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Whole Foods. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

4. Exhibit 10 to the Declaration of Hayley Reynolds consists of a slide deck that Hain Celestial prepared for a meeting with Wakefern Food Corporation. The presentation includes detailed financial data related to the performance of the products at issue and references confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Wakefern on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Wakefern. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

5. Exhibit 11 to the Declaration of Hayley Reynolds consists of a slide deck titled "Fuel the Ascent 2018," which includes detailed financial data related to the performance of the products at issue and references confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information whose public

---

[2] Exhibit 14 to the Declaration of Hayley Reynolds appears to be a duplicate of Exhibit 8 and should be sealed for the same reasons.

disclosure would place Hain Celestial at a significant risk of competitive harm. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

6. Exhibit 12 to the Declaration of Hayley Reynolds consists of a slide deck titled "2020 Innovation Opportunities," which includes detailed financial information related to the performance of the Earth's Best brand and the products at issue and references confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information whose public disclosure would place Hain Celestial at a significant risk of competitive harm. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

7. Exhibit 15 to the Declaration of Hayley Reynolds consists of an excerpt from a slide deck regarding Earth's Best Plant-Based Protein Pouches, which references confidential and proprietary research, discusses the competitive positioning of these products, and includes detailed financial data related to the performance of other Earth's Best products and Hain Celestial's financial projections. The information in these slides is competitively sensitive, confidential business information whose public disclosure would place Hain Celestial at a significant risk of competitive harm. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

8. Exhibit 16 to the Declaration of Hayley Reynolds consists of a slide deck titled "Baby Situation Assessment," which includes detailed financial data related to the performance of the products at issue and other products sold under the Earth's Best brand, references confidential and proprietary consumer research, and discusses the positioning of Hain Celestial's products vis-à-vis those sold by competing manufacturers. The information in this presentation is competitively sensitive, confidential business information whose public disclosure would place Hain Celestial at a significant risk of competitive harm. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

9. Exhibit 17 to the Declaration of Hayley Reynolds consists of an email chain that discusses Hain Celestial's pricing strategy. The information in this email chain is highly

confidential and competitively sensitive information whose public disclosure would place Hain Celestial at a significant risk of competitive harm. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *see also, e.g.*, *In re Qualcomm Antitrust Litig.*, No. 17-2773, 2022 WL 4137580, at *2 (N.D. Cal. Aug. 26, 2022) (sealing documents that "contain[ed] details of business and pricing strategies"); *Rodman v. Safeway Inc.*, No. 11-3003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing Safeway's pricing strategy, business decisionmaking, and financial records, which would expose Safeway to competitive harm").

10.    Exhibit 43 to the Declaration of Alexander M. Smith consists of an internal Hain Celestial presentation titled "A Pioneer in organic baby food more than 30 years." It contains confidential and proprietary information reflecting the sales volume of Hain Celestial's products (including both products at issue and products that are not at issue), information about potential "line extensions" for the Earth's Best brand, information about Hain Celestial's gross margin for specific products, and information about Hain Celestial's marketing strategy and product positioning. The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2; *Qualcomm*, 2022 WL 4137580, at *2.

11.    Exhibit 1 to the Declaration of Patrick Branson is a Hain Celestial presentation to Trader Joe's that concerns Hain's Celestial's Earth's Best Organic Letter of the Day Cookies. The last page of the presentation includes detailed data related to the performance of the products at issue. That information is competitively sensitive, confidential business information whose public disclosure would place Hain Celestial at a significant risk of competitive harm. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62.

12.    Exhibit 2 to the Declaration of Patrick Branson consists of a presentation titled "Earth's Best Sesame Street Organic Peanut Butter Puffs." The last page of the presentation includes detailed financial data related to the performance of the products at issue and references confidential and proprietary consumer research. That information is competitively sensitive,

confidential business information whose disclosure to the public would place Hain Celestial at a significant risk of competitive harm.  *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62.

Leaving aside the risk of competitive harm, the exhibits Hain Celestial seeks to seal are all documents that Hain Celestial keeps confidential in the ordinary course of business and does not disclose to the public.  *See generally Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (directing courts to consider both "the measures taken to guard the information's secrecy" and "the value of the information to the business or its competitors" in determining whether information should be sealed).  Nonetheless, given the Court's admonition to file a "much narrower" sealing motion, Hain Celestial seeks to seal only narrow portions of these exhibits that contain competitively sensitive information and has submitted proposed redactions to that effect.

## CONCLUSION

The Court should grant Hain Celestial's renewed motion to seal.


DATED:  January 31, 2024                    JENNER & BLOCK LLP

                                By:        /s/   Alexander M. Smith
                                            Alexander M. Smith

                                Attorneys for Defendant
                                The Hain Celestial Group, Inc.