UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOWARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HAIN CELESTIAL GROUP, INC., <br><br> Defendant. | Case No. 22-cv-00527-VC <br><br> **ORDER DENYING MOTION FOR CLASS CERTIFICATION** <br><br> Re: Dkt. No. 98, 118, 119 |

The motion for class certification is denied. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, and the arguments made by the parties.

1. FDA regulations provide that if a food product is specifically intended for children under two, the manufacturer cannot include certain statements on the label about the nutrient content of the product. *See* 21 C.F.R. § 101.13(b)(3). The theory behind these regulations is that, with respect to children under two, assertions about the health benefits of certain nutrients are not sufficiently reliable. *See* 56 Fed. Reg. 60421-01, 60424 (Nov. 27, 1991).[1]

The plaintiffs contend that Hain Celestial violates these regulations with respect to more than a dozen products by making nutrient content statements on the labels while marketing the products for children under two. Based on this conduct, the plaintiffs bring a claim under the "unlawful" prong of the UCL, predicated on the federal regulations. The plaintiffs also bring

---

[1] The federal regulations refer to these statements as "nutrient content claims"—that is, claims the company is making on the label about nutrients in the foods. *See* 21 C.F.R. § 101.13. This terminology is confusing in the context of a lawsuit, because it is often unclear whether the word "claim" is referring to a nutrient content claim made by the company or a legal claim made by the plaintiff. So this ruling uses the phrase "nutrient content statements."

several state-law fraud claims, alleging that parents of children under two were misled into believing that the products were healthy for those children.

The plaintiffs seek to certify a class comprised of all people who purchased the products, not just people who purchased the product for children under two. This proposed class is overbroad. This should be obvious with respect to the fraud claims—the plaintiffs are proposing to include a subset of people who, under the plaintiffs' own theory, could not have been defrauded. *See, e.g.*, *Jensen v. Natrol, LLC*, No. 17-cv-3193-VC, 2020 WL 416420, at *1 (N.D. Cal. Jan. 27, 2020); *Otto v. Abbott Laboratories, Inc.*, No. 12-cv-1411-SVW, 2015 WL 12776591, at *3 (C.D. Cal. Jan. 28, 2015); *see also Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1136–37 (9th Cir. 2016). But it's equally true with respect to the unlawful-prong claim, which is based on the contention that Hain Celestial's products are misbranded. The whole point of a misbranding law is to prevent people from being misled, and the FDA regulations simply prohibit specific kinds of potentially misleading statements. The plaintiffs' unlawful-prong claim is thus substantively similar to their fraud claims. This means that, under California law, the plaintiffs must show that they relied on the misleading statements. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326–27, 326 n.9 (2011); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1361 (2010). And because the plaintiffs are bringing these claims on behalf of a proposed class, they must also show that it would at least be fair to infer that the rest of the class similarly relied on the alleged misrepresentation. *See Downey v. Public Storage, Inc.*, 44 Cal. App. 5th 1103, 1116 (2020); *Tucker v. Pacific Bell Mobile Services*, 208 Cal. App. 4th 201, 221–22, 226–28 (2012). But again, those who bought the products for children two and up could not have been misled; these purchasers got a product that delivers on the label's promises with respect to the child they bought it for. So for the unlawful-prong claim, just as for the fraud claims, the proposed class simply does not fit the plaintiffs' theory of liability.

2. Narrowing the class definition to cover only purchases made for children under two would not fix things. The plaintiffs' current damages model calculates Hain Celestial's total

liability for a given product by multiplying the alleged price premium by the total number of purchases made during the class period. The model is unable to distinguish purchases that were made for children under two from purchases that were not. So the model cannot measure damages for a class encompassing only purchases made for children under two. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013); *see also, e.g.*, *Jensen*, 2020 WL 416420, at *1; *Hall v. Marriott International, Inc.*, 344 F.R.D. 247, 278 (S.D. Cal. 2023). Narrowing the class definition would just trade one reason to deny class certification (an overbroad class) for another (an unsuitable damages model).

      3. In a footnote, the plaintiffs ask in the alternative to certify a class for injunctive relief. *See* Fed. R. Civ. P. 23(b)(2). This request is denied because the plaintiffs do not have standing to seek injunctive relief. The plaintiffs now know that each product includes a disclaimer on the back clarifying that the product is "for ages 2 and up." It is hard to believe that someone aware of these disclaimers would still intend to purchase the products for children under two while thinking the products are healthy for children under two. In fact, two of the plaintiffs say they wouldn't have purchased the product had they seen the disclaimer. *See, e.g.*, Dkt. No. 120-2 at 13; Dkt. No. 120-3 at 17. That distinguishes this case from cases like *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), where nothing on the product's packaging could have corrected the alleged misrepresentation. *See, e.g.*, *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906 (N.D. Cal. 2021). Moreover, the plaintiffs have not shown or even alleged that they still have children under two or that they plan to have more children—making it even less likely that they will want to repurchase the products for children under two, or be misled about the products' suitability for their children.[2]

---

[2] In the same footnote, the plaintiffs ask in the alternative to certify an issues class focused only on questions of liability. *See* Fed. R. Civ. P. 23(c)(4). This request is denied, because the plaintiffs have not adequately explained how an issues class would materially advance the resolution of this case as a whole, especially when it is unlikely that any class member would bring an individual action for damages. *See Rahman v. Mott's LLP*, No. 13-cv-3482-SI, 2014 WL 6815779, at *9 (N.D. Cal. Dec. 3, 2014), *aff'd*, 693 F. App'x 578 (9th Cir. 2017); *cf. McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 491–92 (7th Cir. 2012).

4. Denial is without leave to file a renewed class certification motion. In addition to the problems identified above, the plaintiffs have not adequately addressed other serious concerns with their class certification motion. For example, the proposed class covers over a dozen different products, even though there is little evidence in the record that is common to all of the products and even though not all class members purchased all of the products. *See Cepelak v. HP Inc.*, No. 20-cv-2450-VC, 2022 WL 16824309, at *1 (N.D. Cal. Oct. 20, 2022). Moreover, the plaintiffs have not adequately addressed the concern that individualized inquiries into what each class member saw before they purchased a given product would overwhelm issues common to the class. *See Tucker*, 208 Cal. App. 4th at 225–28; *Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 668 (1993). Overall, there are so many serious problems with the proposed class that it would be unfair to Hain Celestial to give the plaintiffs another bite at the apple.[3]

***

A further case management conference is scheduled for Friday, April 5, 2024, at 10:00 a.m. to discuss how the parties would like to proceed in light of this ruling. A case management statement is due seven days prior but does not need to follow the standard format required by the local rules.

**IT IS SO ORDERED.**

Dated: February 22, 2024

VINCE CHHABRIA
United States District Judge

---

[3] Each side has also asked to exclude the other's expert evidence under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). These requests are denied, because none of the evidence is based on unreliable junk science. *See Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1237 (9th Cir. 2017); *see also, e.g.*, *In re General Motors LLC Ignition Switch Litigation*, 407 F. Supp. 3d 212, 238–39 (S.D.N.Y. 2019); *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1108–10 (N.D. Cal. 2018).