**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley A. Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiffs Tracy
Howard, Adina Ringler, and Trecee Artis*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| TRACY HOWARD, ADINA RINGLER, and TRECEE ARTIS on behalf of themselves and those similarly situated,<br><br>                              Plaintiffs,<br><br>      v.<br><br>THE HAIN CELESTIAL GROUP, INC. d/b/a EARTH'S BEST,<br><br>                              Defendant. | Case No.: 3:22-cv-00527-VC<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Hon. Vince Chhabria |

## <u>MOTION FOR LEAVE TO SEEK RECONSIDERATION</u>

Plaintiffs respectfully move, pursuant to Local Rule 7-9, for leave to seek partial reconsideration of the Court's Order of February 22, 2204 (the "Order"), denying Plaintiffs' motion for to certify a class with prejudice. ECF 151. Specifically, Plaintiffs seek partial reconsideration based on the June 28, 2024 Ninth Circuit opinion that relates to whether Plaintiffs' UCL unlawfulness claim can proceed independent of Plaintiffs' fraud-based claims. *Davidson v. Sprout Foods, Inc*., No. 22-16656, 2024 U.S. App. LEXIS 15777, at *9 (9th Cir. June 28, 2024). This decision constitutes a "change of law occurring after the time" this Court denied Plaintiffs' motion to certify a class based on their UCL unlawfulness claim.

Plaintiffs additionally seek leave for consideration on the basis that the Court failed to consider dispositive legal arguments that Plaintiffs presented. Specifically, in Plaintiffs' supplemental briefing, they discussed, *inter alia*, the widely-cited yet unpublished Ninth Circuit case *Bruton v. Gerber*, in which the Ninth Circuit concluded that the "best reading of California precedent is that the reasonable consumer test is a requirement under the UCL's unlawful prong only when it is an element of the predicate violation." *Bruton v. Gerber Prods. Co*., 703 F. App'x 468, 472 (9th Cir. 2017). In its Order, this Court did not address *Bruton v. Gerber* and reached the conclusion that all UCL unlawfulness claims based on misbranding regulations require application of the reasonable consumer standard. However, California law confirms that conclusion was in error. On this basis, Plaintiffs request leave to move for reconsideration.

Finally, Plaintiffs seek leave to move for reconsideration of the Court's denial of leave to file a renewed motion for class certification. This motion is based on the following and points and authorities, the complete file and record in this action, and all other matters of which the Court may take notice.

## I.    INTRODUCTION

Plaintiffs first request leave to move for reconsideration of the Court's conclusion that the reasonable consumer test applies to Plaintiffs' unlawfulness UCL claims based on the predicate violation of 21 C.F.R. § 101.13(b)(3) that states "no nutrient content claims may be made on food intended specifically for use by infants and children less than 2 years of age." On February 22, 2024, this Court denied Plaintiffs' motion to certify a class of all California purchasers of Hain's Products that are intended for children under two but bare unlawful nutrient content claims (the "Order"). ECF 151. Plaintiffs sought to certify common questions of law and fact, in part, based on their UCL unlawfulness claim. Typically, a UCL unlawfulness claim has only one element that must be shown: "a challenged advertisement or practice violates any federal or California statute or regulation." *Shaeffer v. Califia Farms, LLC*, 44 Cal.App.5th 1125, 1136 (2020). In circumstances where the underlying statute includes an element of deception, courts apply the reasonable consumer standard. However, courts addressing nearly identical claims of products that violate 21 C.F.R. § 101.13(b)(3) have held that the reasonable consumer standard does not apply to the UCL unlawfulness claim because there is no element of deception in the underlying statute. *Bruton v. Gerber Prods. Co.*, No. 15-15174, 2017 U.S. App. LEXIS 12833, at *6 (9th Cir. July 17, 2017); *Sanchez v. Nurture, Inc.*, 626 F. Supp. 3d 1107, 1118 (N.D. Cal. 2022).

This Court nevertheless held that the reasonable consumer standard applies to Plaintiffs' unlawfulness claims because "the whole point of a misbranding law is to prevent people from being misled" and that therefore "plaintiffs' unlawful-prong claim is thus substantively similar to their fraud claims." ECF 151 at 2.

Plaintiffs seek leave to move for reconsideration on this issue on two grounds. First, there is a "change of law" that occurred after the Court's Order. On June 28, 2024 the Ninth Circuit

necessarily confirmed the reasonable consumer standard is not an element of a UCL

unlawfulness claim that is based on a violation of 21 C.F.R. § 101.13(b)(3) in *Davidson v.*

*Sprout*. *Davidson v. Sprout Foods, Inc*., No. 22-16656, 2024 U.S. App. LEXIS 15777, at *9 (9th

Cir. June 28, 2024). In *Sprout*, the Ninth Circuit addressed a nearly identical case in which the

plaintiffs brought claims under both the unlawfulness prong of the UCL and other fraud-based

claims. The district court held that the plaintiffs' unlawfulness claims were impliedly preempted

under *Buckman* and that plaintiffs failed to state a fraud claim. The Ninth Circuit reversed in

part, finding that the unlawfulness claims were not impliedly preempted and therefore should

proceed, but that the fraud claims were properly dismissed.

In so holding, the Ninth Circuit distinguished among the claims, inherently recognizing

that the reasonable consumer test that requires a showing of deception is not an element of the

predicate regulation, 21 C.F.R. § 101.13(b)(3). Simply put, the Ninth Circuit held that while a

failure to plead deception under the reasonable consumer standard defeated the fraud claims, it

did not defeat an unlawfulness claim identical to the one at issue here because deception is not an

element of the claim. There would have been no reason to remand on the unlawfulness claim if

deception was an element to the *Sprout* plaintiffs' UCL unlawfulness claims. Thus, this new law

warrants reconsideration.

Plaintiffs' second basis for seeking leave to move for reconsideration is the Court's

failure to consider "dispositive legal arguments which were presented to the Court before [its

order]." L.R. 7-9(b)(3). Plaintiffs submitted supplemental briefing that discussed the widely-

cited, yet unpublished *Bruton v. Gerber* Ninth Circuit decision that held the "best reading of

California precedent is that the reasonable consumer test is a requirement under the UCL's

unlawful prong only when it is an element of the predicate violation." *Bruton v. Gerber Prods.*

*Co*., 703 F. App'x at 472. Based on this conclusion, the Ninth Circuit held that a UCL

unlawfulness claim based on a predicate violation of 21 C.F.R. § 101.13(b)(3) (i.e., the same predicate violation at issue here), does not require showing consumers would be misled. In its Order, this Court did not consider *Bruton v. Gerber* and reached the conclusion that all UCL unlawfulness claims based on misbranding regulations, irrespective of the elements of the underlying statute, would require that the reasonable consumer standard apply. However, California law, which this Court is required to follow, confirms that conclusion was in error.

In *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, the California Court of Appeal held that deception is not an element of UCL unlawful claims based on a violation of the misbranding regulations of the Sherman Law. The California court did not apply the reasonable consumer test to the plaintiffs' unlawfulness claims, even though the predicate violation was an FDA regulation governing nutrient content claims. If the reasonable consumer standard were an element of all UCL unlawfulness claims based on misbranding regulations, the Court of Appeal would not have needed to address whether a violation was pled, and instead could have dismissed the unlawfulness claim on the same basis as the fraud claims. It did not, and therefore this Court's failure to consider dispositive legal arguments in its Order here further warrants reconsideration.

Finally, Plaintiffs request leave to move for reconsideration on the Court's denial of leave to file a renewed motion for class certification given the complexity of legal issues identified herein. At the very least, Plaintiffs request reconsideration of denial of leave to renew their motion for certification of their unlawfulness claims.

## II.     BACKGROUND

Defendant Hain Celestial ("Hain") makes prominent nutrient content claims on the front labels of its Products intended for children under two. However, FDA regulations prohibit manufacturers from making any nutrient content claims on Products intended for children under two. 21 C.F.R. § 101.13(b)(3). Plaintiffs allege that Hain's nutrient content claims are both

unlawful and misleading and sought to certify a class of all California purchasers of the Products. In moving to certify the unlawfulness claims, Plaintiffs proceeded on the elements of the UCL unlawfulness claim that require only a showing of a violation of a federal or California statute or regulation.

On February 22, 2024, the Court denied certification of class claims based on the unlawful prong of the UCL, holding that Plaintiffs must also establish the class would be misled by the nutrient content claims for the unlawfulness claims. ECF 151. Plaintiffs now bring this administrative motion for leave to seek reconsideration of the Court's ruling (i) that their unlawfulness claims require showing that the class would be misled and (ii) denial of class certification with prejudice.

## III.    LEGAL STANDARD

Under Civil Local Rule 7-9, a party may request leave to file a motion for reconsideration before a judgment has been entered. Civ. L.R. 7-9(a); *Barker v. Insight Global, LLC*, No. 16-cv-07186-BLF, 2019 U.S. Dist. LEXIS 6523, at \*5, 2019 WL 176260 (N.D. Cal. Jan. 11, 2019). A party seeking such reconsideration must show one of the following: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order; or (3) [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." N.D. Cal. Civ. L.R. 7-9(b); *Droesch v. Wells Fargo Bank, N.A.*, No. 20-cv-06751-JSC, 2021 U.S. Dist. LEXIS 125410, at \*3 (N.D. Cal. July 6, 2021); *see also* Fed. R. Civ. P. 54(b) (any order which does not terminate the action is subject to revision at any time before the entry of judgment). Here, Plaintiffs request leave to move for reconsideration based on the second and third bases.

IV.     ARGUMENT

A.      **The Ninth Circuit's Opinion in *Sprout* Warrants Reconsideration.**

In *Davidson v. Sprout*, the Ninth Circuit held that unlawfulness UCL claims based on

products that violated 21 C.F.R. § 101.13(b)(3) could proceed because they were not preempted.

*Davidson*, 2024 U.S. App. LEXIS 15777, at \*22–23. The Court also simultaneously affirmed the

district court's dismissal of the plaintiffs' fraud claims for failing to meet the Rule 9(b) standard

to plead deception on the same nutrient content claims. Inherent in the holding, which remands

for the UCL unlawfulness claims to go forward, is the recognition that deception, under the

reasonable consumer standard, is not an element of the plaintiffs' UCL unlawfulness claims.

If deception were an element of the UCL unlawfulness claims such that it was akin to the

fraud claims, the Ninth Circuit could have dismissed both the unlawfulness and fraud claims on

the same grounds: a failure to meet the Rule 9(b) standard to show the "why" of how the labeling

was fraudulent. After all, an appellate court can "affirm the district court's dismissal on any

ground supported by the record, even if the district court did not rely on the ground." *Livid

Holdings Ltd. v. Salomon Smith Barney, Inc.*, 403 F.3d 1050, 1058 (9th Cir. 2005). Thus, by not

affirming the district court on different grounds, i.e., a failure to plead deception for the

unlawfulness claim, the Ninth Circuit opinion confirms that deception, under the reasonable

consumer standard, is not an element of unlawfulness UCL claims based on violations of 21

C.F.R. § 101.13(b)(3). As discussed below, this is entirely consistent with California law and the

prior Ninth Circuit unpublished opinion, *Bruton v. Gerber*. On the other hand, the Court's

holding cannot be squared with *Sprout*, *Bruton* or well-established California law holding the

exact opposite.

Based on this legal mistake, this Court incorrectly held that Plaintiffs' unlawfulness claim

could not be certified for a class of all purchasers because "those who bought the products for

children two and up could not have been misled." ECF 151 at 2.[1] *Davidson v. Sprout* now

represents a change of law that contradicts the Court's conclusion that deception is an element of

Plaintiffs' UCL unlawfulness claim when it is not an element of the predicate statute underlying

the UCL unlawfulness claim. Thus, Plaintiffs request leave to move for reconsideration.

> **B.      This Court Should Reconsider the Class Certification Order in light of California Precedent that Holds Deception Is Not an Element of a UCL Unlawfulness Claim based on misbranding provisions of the Sherman Law.**

In holding that Plaintiffs' UCL unlawfulness claims required a showing of deception, this

Court concluded that "[t]he whole point of a misbranding law is to prevent people from being

misled, and the FDA regulations simply prohibit specific kinds of potentially misleading

statements." ECF 151 at 2. The conclusion that all unlawfulness claims based on Cal. Health &

Safety Code § 110100(a) (which incorporates FDA food labeling regulations) would necessarily

require a showing of deception because of the "misbranding" title, even where the underlying

statute has no such element, is further contradicted by California law and unpublished Ninth

Circuit opinion that the Court failed to consider.

In supplemental briefing requested by the Court, Plaintiffs discussed in detail *Bruton v.*

*Gerber*, wherein Ninth Circuit explicitly found that the reasonable consumer standard was not an

element of an unlawfulness claim where 21 C.F.R. § 101.13(b)(3) was the predicate violation.

*Bruton v. Gerber Prods. Co.*, 703 F. App'x 468, 472 (9th Cir. 2017); ECF 145 at 1–5. Numerous

courts have applied the same analysis in similarly holding that the reasonable consumer test is

not an element of a UCL unlawfulness claim based on a violation of the misbranding regulations

of the Sherman Law. *See Gitson v. Trader Joe's* Co., No. 13-cv-01333-WHO, 2013 U.S. Dist.

---

[1] Plaintiffs argued that the reasonable consumer purchasing the Products was the targeted consumer, i.e., consumers purchasing for children under two. Given that the reasonable consumer is an objective standard, the query is whether that reasonable consumer would have been misled, not whether a consumer who actually purchased and purchased for a child over two would have been misled.

PLFS' MTN FOR LEAVE TO MOVE FOR RECONSIDERATION - CASE NO.: 3:22-CV-00527-VC

LEXIS 144917, at \*18 n.5 (N.D. Cal. Oct. 4, 2013) ("As noted below, the reasonable consumer test does not apply to the plaintiffs' claims under the unlawful prong of the UCL predicated on Sherman Law violations."); *De Keczer v. Tetley USA, Inc.*, No. 5:12-CV-02409-EJD, 2014 U.S. Dist. LEXIS 121465, at \*7–8 (N.D. Cal. Aug. 28, 2014) (fraud prong requires reasonable consumer test; unlawful prong does not); *Morgan v. Wallaby Yogurt Co.*, No. 13-cv-00296-WHO, 2013 U.S. Dist. LEXIS 144959, at \*29 (N.D. Cal. Oct. 4, 2013) (violation of Sherman Law sufficient to state a claim under unlawful prong); *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-WHO, 2014 U.S. Dist. LEXIS 34443, at \*28–29 (N.D. Cal. Mar. 13, 2014) (contrasting UCL unlawful prong analysis where "[t]he label is either illegal or it is not" with context specific fraud analysis); *Swearingen v. Yucatan Foods, L.P.*, No. C 13-3544 RS, 2014 U.S. Dist. LEXIS 18094, at \*23 (N.D. Cal. Feb. 7, 2014) (holding that a plaintiff asserting UCL unlawful claim predicated on a Sherman Law violation does not have to plead deception of the reasonable consumer); *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 U.S. Dist. LEXIS 11767, at \*23 (N.D. Cal. Jan. 29, 2014) ("[T]he reasonable consumer test does not apply to claims brought under the unlawful prong of the UCL.").

The Court's Order did not consider *Bruton* in concluding that all UCL unlawfulness claims that are based on misbranding laws require a showing of deception. This is a manifest error, as confirmed by controlling California law.

In *Shaeffer v. Califia Farms*, which this Court has recognized it is obligated to follow (ECF 56 at 6 n. 2), the California Appellate Court separately analyzed unlawfulness and fraud claims. Regarding the unlawfulness claims, plaintiffs alleged that the at-issue products failed to comply with regulations that govern the nutrient content claim "no added sugar," i.e., "misbranding" provisions of the FDA labeling regulations. 44 Cal. App. 5th at 1135–37. The court applied the UCL unlawfulness analysis: "To prevail on a claim under the unlawful prong of the unfair

competition law, the plaintiff must show that a challenged advertisement or practice violates any federal or California 'statute or regulation.'" *Id.* at 1136 (citations omitted). Ultimately, the court held the plaintiffs failed to state an unlawfulness claim because they failed to establish the predicate violation of 21 C.F.R. § 101.60(c)(2). *Id.* at 1140–43. The court then separately held plaintiffs failed to sufficiently plead deception and therefore dismissed the fraud claims. *Id*. at 1139. However, the California court did not apply the reasonable consumer test to the plaintiffs' unlawfulness claims, even though the predicate violation was an FDA regulation governing nutrient content claims. The UCL unlawfulness claims went forward.

Where the reasonable consumer standard is an element of the predicate violation, then it will also be an element of the UCL unlawfulness claim under California law. *See*, *e.g*., *Consumer Advocates v. Echostar Satellite Corp*., 113 Cal. App. 4th 1351, 1354 (2003) (holding that UCL claims were subject to the reasonable consumer test where the predicate violations were of the FAL and CLRA, both of which require meeting the reasonable consumer test). However, where it is not an element of the underlying violation, it is not an element of the UCL unlawfulness claim, regardless of the legislative history behind the regulation. *Shaeffer*, 44 Cal. App. 5th at 1139.

The Court's holding to the contrary must be reconsidered in light of the failure to consider both *Bruton* and California law. Plaintiffs respectfully request leave to file a motion for reconsideration on this additional basis.

### C.     The Court Should Reconsider Its Conclusion to Deny Class Certification without Leave to File a Renewed Class Certification Motion

District courts in the Ninth Circuit rarely deny a first motion for class certification with prejudice. Indeed, this Court recently refused to do so even when the plaintiff relied on "cookie cutter allegations" and purported "bombshell disclosures." *In re Vaxart, Inc. Sec. Litig*., No. 20-cv-05949-VC, 2024 U.S. Dist. LEXIS 116866, at *23-24 (N.D. Cal. July 2, 2024) (J. Chhabria) ("It may be reasonable to conclude that they missed the mark so badly that it would be unfair to

give them a second chance. But the defendants are also at fault. . . . On balance, the better course is to give the plaintiffs another chance to seek class certification . . .”). Other courts have similarly held that denying a motion for class certification with prejudice in the first instance is only appropriate when a plaintiff misses the mark so badly that it can only be said that the plaintiff would continue to waste judicial resources. *See Rivera v. Saul Chevrolet, Inc*., No. 16-CV-05966-LHK, 2017 U.S. Dist. LEXIS 182190, at \*16 (N.D. Cal. Nov. 2, 2017) (denying motion for class certification with prejudice because “[p]laintiff’s second attempt is not a material improvement upon his first attempt. Notwithstanding the Court’s suggestion that ‘[a] handful of declarations may suffice,’ [] Plaintiff continues to rely almost exclusively on his own declaration, and has not submitted declarations from any other putative collective action members.”); *McKinnon v. Dollar Thrifty Auto. Grp*., No. 12-cv-04457-YGR, 2016 U.S. Dist. LEXIS 154386, at \*29 (N.D. Cal. Nov. 7, 2016) (denying motion for class certification with prejudice because it was plaintiffs’ third attempt); *English v. Apple Inc*., No. 14-cv-01619-WHO, 2016 U.S. Dist. LEXIS 1555, at \*43 (N.D. Cal. Jan. 5, 2016) (denying motion for class certification with prejudice because all five theories of liability were defective and noting class counsel’s total lack of experience in class actions).

Here, the Court denied Plaintiffs’ class certification without leave to file another motion. Yet, as evidenced above, the legal grounds on which the Court decided the motion regarding the unlawfulness claims are far less settled than the Court’s Order suggests. Moreover, the Order identified the issues discussed herein, as well as a number of others that can be easily cured with a more limited class. For example, Plaintiffs could subclass the Products by product type (e.g., smoothie pouches, protein pouches, and snack products). Plaintiffs could present an apportionment model to determine the class size of under-two purchasers for the fraud claims. And the Court’s concern regarding “individualized inquiries” into what class members saw is an improper conclusion given that Plaintiffs are not required to show class-wide reliance for their food labeling

claims. *See*, *e.g.*, *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir. 2011) (relief "under the UCL is available without individualized proof of deception, reliance and injury" (internal quotation omitted)). So even if the back label disclaimer somehow "cured" the alleged fraud or prevented reliance by providing extra knowledge, Plaintiffs have no obligation to weed out class members on that basis. *See Fletcher v. Sec. Pac. Nat'l Bank*, 23 Cal. 3d 442, 449 (1979) (the UCL "clearly authorizes a trial court to order restitution in the absence of proof of lack of knowledge [of the fraud]"). *See also* ECF 145 at 6 (discussing issue).

Alternatively, this Court could permit a more limited renewed motion—e.g., just on Plaintiffs' UCL unlawfulness claims. Thus, Plaintiffs respectfully request reconsideration of the Court's conclusion to deny leave to file another motion for class certification.

Dated: July 12, 2024                    **GUTRIDE SAFIER LLP**

                                        */s/ Hayley A. Reynolds*
                                        Seth A. Safier (State Bar No. 197427)
                                          seth@gutridesafier.com
                                        Marie A. McCrary (State Bar No. 262670)
                                          marie@gutridesafier.com
                                        Hayley A. Reynolds (State Bar No. 306427)
                                          hayley@gutridesafier.com
                                        100 Pine Street, Suite 1250
                                        San Francisco, CA 94111

                                        *Attorneys for Plaintiffs*