UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOWARD, et al., | Case No. 22-cv-00527-VC |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| HAIN CELESTIAL GROUP, INC., | |
| Defendant. | Re: Dkt. No. 169 |

This case is about baby food labeling. As relevant here, the plaintiffs brought a claim under the California Unfair Competition Law's "unlawful" prong, alleging that Hain Celestial put nutrient content statements on its baby food—even though an FDA regulation (which is incorporated into California law) prohibits such statements on products intended for children less than two years old.[1] The plaintiffs' motion for class certification was denied with prejudice, and the plaintiffs moved for leave to file a motion for reconsideration of that denial. Specifically, plaintiffs ask for reconsideration of two elements of the order: first, that it ostensibly held "that their unlawfulness claims require showing that the class would be misled"; and second, that the denial was without leave to file a renewed motion for class certification.

At the outset, it's important to take a step back and use some common sense. The plaintiffs have sued based on a law that's designed to protect people who buy food for children under the age of two. But they sought to certify a class that included people who bought the food for kids over the age of two. It should be obvious that this is not appropriate. But because there is

---

[1] Federal regulations refer to statements on product labels about the nutrient content of the product as "nutrient content claims." *See* 21 C.F.R. § 101.13. To avoid possible confusion about whether "claim" refers to a statement about nutrient content or a legal claim, this order uses the phrase "nutrient content statements."

some confusion in the food labeling case law, and because the order denying class certification was imprecise in some respects, it's worth explaining this denial of the motion for leave to seek reconsideration of the order denying class certification.

1. The motion for class certification was denied in part because the proposed class included all people who purchased the products—not just people who purchased the products for a child under two. The order explained that this made the class overbroad not just with regard to the plaintiffs' fraud claims, but also with regard to their UCL unlawfulness claim, because that claim:

> is based on the contention that Hain Celestial's products are misbranded. The whole point of a misbranding law is to prevent people from being misled, and the FDA regulations simply prohibit specific kinds of potentially misleading statements. The plaintiffs' unlawful-prong claim is thus substantively similar to their fraud claims. This means that, under California law, the plaintiffs must show that they relied on the misleading statements. And because the plaintiffs are bringing these claims on behalf of a proposed class, they must also show that it would at least be fair to infer that the rest of the class similarly relied on the alleged misrepresentation. But again, those who bought the products for children two and up could not have been misled; these purchasers got a product that delivers on the label's promises with respect to the child they bought it for. So for the unlawful-prong claim, just as for the fraud claims, the proposed class simply does not fit the plaintiffs' theory of liability.[2]

The plaintiffs argue that this aspect of the order denying their motion for class certification should be reconsidered for two reasons. First, the plaintiffs argue that the order held that they were required to show deception to succeed on their unlawful-prong claim, and that this is erroneous in light of the Ninth Circuit's contrary holding in *Bruton v. Gerber*, 703 F. App'x 468, 472 (9th Cir. 2017). But the order didn't hold that the plaintiffs failed to state an unlawful-prong claim because they didn't show that the labels were deceptive or misleading. Rather, the order noted that the label could not have been misleading as to people who bought the products for children aged two or older to explain that those purchasers could not have *relied* on the allegedly unlawful aspects of the label.

---

[2] Citations omitted.

California cases show that, even where the plaintiff's theory of liability is that a label is unlawful, the plaintiff still must show that they purchased the product in reliance on the mislabeling. For example, in *Shaeffer v. Califia Farms*, the defendant sold tangerine juice whose label said it had "no sugar added." 44 Cal. App 5th 1125 (2020). The plaintiff brought a claim under the UCL's fraudulent prong, arguing that the statement, while literally true, was misleading because it implied that competing products *did* have added sugar (even though they did not). The plaintiff also brought a claim under the unlawful prong, alleging that the label did not comply with certain prerequisites "that must be satisfied before a label may state 'no sugar added' under a federal labeling regulation." *Id.* at 1133. The trial court dismissed both claims. The California Court of Appeal affirmed the dismissal of the fraud claim, holding that the "no sugar added" statement was as not actionably misleading as a matter of law.[3] The court then separately affirmed the dismissal of the unlawful-prong claim. The plaintiff had alleged only one plausible reason that the label would have been unlawful: that it failed to state that the product was not low or reduced calorie even though the product didn't meet the requirements for a low- or reduced-calorie food. But the plaintiff had not alleged that her decision to buy the juice "had anything to do with its calorie content." *Id.* at 1143. So she could not bring an unlawful-prong claim because she had not relied on the aspect of the label that made it unlawful (namely, its failure to disclose that it was not low calorie). If the plaintiff *had* alleged that she bought the product because she thought its lack of added sugars made it low calorie (and sufficiently alleged that the juice did in fact not meet the requirements for a low-calorie food, which the court had expressed doubt about), then she presumably would have been able to proceed with her unlawful-prong claim. *Califia Farms* is an example of how reliance is separate from misleadingness, and of how plaintiffs bringing unlawful-prong claims must still show reliance—not just on the label as a whole, but on the aspects of the label that make it unlawful.

---

[3] It's not clear that this holding was correct. *See Howard v. Hain Celestial Group, Inc.*, 2022 WL 11044721, at *3 n.2 (N.D. Cal. Oct. 19, 2022). But that's not relevant for the purposes of this motion.

Therefore, to the extent the plaintiffs in this case are suggesting that this Court's order denying class certification eliminates any daylight between a fraud claim and an unlawful-prong claim under the UCL, they are wrong. A food label can contain a representation that is not fraudulent (that is, not likely to be misleading or deceptive to an objective reasonable consumer) but still unlawful (because, for example, it violates FDA regulations). And it's possible for consumers to rely on that type of representation when purchasing a product.

This reliance requirement for UCL unlawful-prong claims also applies to class actions. *See, e.g.*, *Jones v. ConAgra Foods, Inc.*, 2014 WL 2702726, at *14–19 (N.D. Cal. June 13, 2014). In that context, while individualized proof of actual, subjective reliance—which is required for named plaintiffs to have UCL "standing"—is not required as to absent class members, plaintiffs still must show that it's at least fair to infer that the rest of the class also relied on the alleged mislabeling. *See Downey v. Public Storage, Inc.*, 44 Cal. App. 5th 1103, 1116, 1121 (2020). Had class certification been sought in a case involving the facts of *Califia Farms*, certification on the unlawful-prong claim would therefore have required an inference that absent class members relied on the label's failure to state that the juice was not low or reduced calorie.

Viewed in light of these two principles—first, that unlawful-prong claims require a showing of reliance on the aspects of a label that make it unlawful; and second, that in a class action it must be fair to infer reliance on the part of absent class members—the plaintiffs' proposed class was overbroad with respect to their unlawful-prong claim. In *Califia Farms*, the plaintiff failed to show reliance because the allegedly unlawful aspect of the label was its failure to state that it was not low or reduced calorie, and she did not say she had bought the juice because she thought it was low or reduced calorie. Here, the allegedly unlawful aspect of Hain Celestial's products' labels is that they included nutrient content statements without disclaiming that the products were not intended only for children under two. Purchasers who bought the products for children over two obviously would not have bought the products on the assumption that they were intended for a child under two, and thus could not have relied on the label's

inclusion of nutrient content statements without a disclaimer that the products were not intended for children under two. Because the proposed class included these purchasers anyway, it was overbroad (and as the order explained, limiting the class to under-two purchasers would just have made class certification inappropriate for other reasons).

The order's statement that "those who bought the products for children two and up could not have been misled" might have been confusing. But that language did not change the conclusion underlying that order—and clarified in this one—that the failure to show that it would be reasonable to infer class-wide reliance rendered the proposed class overbroad.

None of the cases cited by the plaintiffs change this analysis. These cases were all rulings on motions to dismiss that held that the plaintiff was not required to show deception or objective misleadingness to state a claim for unlawful practices. They were not rulings on motions for class certification addressing whether a failure to show class-wide reliance could render a class overbroad. And several of the cases undermine the plaintiffs' position by discussing how reliance is required. *E.g.*, *id.*; *De Keczer v. Tetley USA, Inc.*, 2014 WL 4288547, at *4 (N.D. Cal. Aug. 28, 2014) (noting that plaintiffs must show actual reliance when bringing an unlawful-prong claim based on mislabeling).

Nor does *In re Steroid Hormone Product Cases*—cited by the plaintiffs in their supplemental letter brief, though not in their motion for leave to file a motion for reconsideration—compel a different result. 181 Cal. App. 4th 145 (2010). The plaintiffs cited that case for the proposition that unlawful-prong claims present no issues regarding reliance of absent class members. But that case does not reach that far.

In *Steroid Hormone*, the defendant had sold a bodybuilding drug that was illegal to sell or possess because it contained a controlled substance. The plaintiffs brought, among other claims, a claim under the UCL unlawful prong. The Court of Appeal reversed the trial court's denial of class certification. As relevant here, it held that the trial court had erroneously required the plaintiffs to show that each class member was *actually* injured by the defendant's unlawful sale of the drug (which would have caused individual issues to predominate). Because no such

individualized proof was required, common issues did in fact predominate.

*Steroid Hormone* is distinguishable for at least two reasons. First, the order denying the motion for class certification in this case did not hold that class certification was improper because the plaintiffs would need to show actual reliance for each class member. It held only that the plaintiffs needed to show that it would be fair to *draw an inference* of class-wide reliance (and that, because the class included purchasers who *could not* have relied on the allegedly unlawful aspects of the label, the class was overbroad). Second, as Judge Breyer has noted in denying a class certification motion for reasons including problems with establishing class-wide reliance, *Steroid Hormone* is not analogous to unlawful prong cases based on food mislabeling because it involved a product "that was illegal because of what it was," not "how it was labeled." *Jones v. ConAgra Foods, Inc.*, 2014 WL 2702726, at *18 (N.D. Cal. June 13, 2014); *see also Gitson v. Trader Joe's Company*, 2013 WL 5513711, at *6 (distinguishing *Steroid Hormone* from case involving food labeling and declining to presume reliance in ruling on motion to dismiss).

The second basis on which the plaintiffs seek reconsideration of the denial of class certification is the Ninth Circuit's recent opinion in *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842 (9th Cir. 2024). *Sprout* involved similar claims about nutrient content statements on baby food. Chief Judge Seeborg dismissed a fraud claim for failing to satisfy Federal Rule of Civil Procedure 9(b) and an unlawful-prong claim on preemption grounds. The Ninth Circuit reversed as to the unlawfulness claim, which it held was not preempted, and affirmed as to the fraud claim.

The plaintiffs argue that *Sprout*, in affirming the dismissal of the fraud claim while letting the unlawful-prong claim proceed, shows that deception is not an element of an unlawful-prong claim. That's true, but this argument fails for the same reason as the plaintiffs' first argument: the issue in this case wasn't whether the plaintiffs needed to show deception as an element of their unlawful-prong claim, but whether they were able to create an inference of class-wide reliance. *Sprout* doesn't address that point or affect the analysis in the order denying the motion for class

certification. If anything, some aspects of *Sprout* support the order's reasoning: as described above, the order reasoned that over-two purchasers could not have relied on the unlawful aspects of Hain Celestial's product labels because they wouldn't have been motivated by any understanding of the products' benefits for babies. And *Sprout* noted that the FDA prohibition on nutrient content statements on baby food arose because the FDA was "clearly concerned that such labeling could lead consumers to believe that a product was good for babies when the agency had no basis for such conclusions," 106 F.4th at 846—showing that, in a case like this, reliance on the unlawful aspects of the label boils down to thinking the product was intended for and would be good for babies and purchasing it out of that belief. Therefore, one who didn't purchase the products for a baby could not have relied on the unlawful aspects of the label.

2. The plaintiffs also ask for reconsideration of the decision to deny leave to file a renewed motion for class certification. In contrast to the issue described above, this issue requires no elaboration or clarification of what the order said. Whether to grant leave to file a renewed motion for class certification is a matter of discretion. Courts, including this one, often grant such leave. But sometimes the plaintiffs will overreach so badly on their motion for class certification, in a way that gives rise to so many issues, that it would be unfair to put the defendant through the expense of allowing the plaintiff to start over. This is one of those cases.

**IT IS SO ORDERED.**

Dated: October 1, 2024

VINCE CHHABRIA
United States District Judge