**JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654
Phone:      (312) 222-9350
Facsimile:  (312) 527-0484

**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
Madeline P. Skitzki (Cal. Bar No. 318233)
mskitzki@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071
Phone:      (213) 239-5100
Facsimile:  (213) 239-5199

Attorneys for Defendant
The Hain Celestial Group, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOWARD, ADINA RINGLER, and TRECEE ARTIS, on behalf of themselves and those similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>                      Defendant. | Case No. 3:22-cv-527-VC<br><br>The Honorable Vince Chhabria<br><br>**RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11 and 79-5, Hain Celestial submits this response to Plaintiffs' administrative motion to consider whether another party's material should be sealed (ECF No. 201). As explained in more detail below, Hain Celestial seeks to seal portions of Exhibits 2–4, 6, 7, 9, 11–17, and 19–45 to the Declaration of Hayley Reynolds, which contain confidential and competitively sensitive information whose disclosure would pose a significant risk of competitive harm to Hain Celestial.[1] Hain Celestial does not seek to seal any document in its entirety, and it has narrowly tailored its proposed redactions to encompass only that information whose disclosure is likely to pose a significant risk of competitive harm.

## ARGUMENT

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, in deciding whether to seal documents, "the court must 'conscientiously [] balance the competing interests' of the public and the party who seeks to keep certain judicial records secret.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Because this motion to seal concerns documents submitted in connection with a summary judgment motion, the Court may seal those documents based on a finding that there are "compelling reasons" to seal those documents. *Id.*; *see also Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) (same).

As relevant here, there are compelling reasons to seal "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. To that end, it is well-established that protective orders and filings under seal allow parties to preserve their "legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992); *see also Nevro Corp. v. Boston Sci. Corp.*, No. 16-6830, 2017 WL 2687806, at *2 (N.D. Cal. June 22, 2017) (granting motion to seal when "disclosure could harm BSC's

---

[1] Hain Celestial does not seek to seal any portions of Plaintiffs' opposition to its motion for summary judgment and does not seek to seal Exhibits 5, 8, 10, or 18 to the Declaration of Hayley Reynolds. Hain Celestial takes no position as to whether Exhibit 65, which consists of retail sales and pricing data produced by Circana (formerly known as IRI), should remain under seal. Hain Celestial reserves all objections to the relevance and admissibility of the exhibits Plaintiffs filed.

competitive standing"). This includes, among other things, information that would reveal a party's "confidential marketing strategy" to its competitors and the public. *Miotox v. Allergan, Inc.*, No. 14-8723, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016).[2] And in considering a sealing request, this Court should consider not only whether disclosure is likely to pose a risk of competitive harm, but also whether the information is relevant to the products and issues in this lawsuit. *See, e.g.*, *In re Roundup Prods. Liab. Litig.*, No. 16-2741, 2017 WL 11699794, at *1 (N.D. Cal. May 1, 2017) (Chhabria, J.); *Pryor v. City of Clearlake*, No. 11-954, 2012 WL 3276992, at *5 (N.D. Cal. Aug. 9, 2012) (granting motion to seal documents due to their "lack of relevance," among other factors).

Hain Celestial is mindful of the Court's admonition against overly broad sealing motions, and it does not seek to seal any document in its entirety. It also does not seek to seal Plaintiffs' opposition to its motion for summary judgment or the portions of the exhibits Plaintiffs cite in that brief. Nonetheless, Plaintiffs submitted dozens of exhibits that Hain Celestial designated as confidential because they contain commercially sensitive information, including information about products that are not at issue and irrelevant financial information. As explained below, forty of the exhibits Plaintiffs submitted contain information that should remain under seal:

1.   Exhibit 2 to the Declaration of Hayley Reynolds consists of a compilation of slides regarding projected launches of new Hain Celestial products, many of which are not at issue in this case. Each slide includes the expected "sales forecast" for each product, which is confidential, commercially sensitive information that Hain Celestial uses to assess whether to launch a new product and which it does not disclose to the public. The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141

---

[2] *See also, e.g.*, *Bauer Bros. LLC v. Nike, Inc.*, No. 09-500, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (noting that "public disclosure of Nike's confidential business materials, including marketing strategies, sales and retailer data, product development plans, unused prototypes, and detailed testimony regarding the same, could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development"); *Algarin v. Maybelline, LLC*, No. 12-3000, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (noting that "[p]ublic disclosure of L'Oréal's confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate L'Oréal's business practices and circumvent the time and resources necessary in developing their own practices and strategies").

F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

2. Exhibit 3 to the Declaration of Hayley Reynolds consists of an untitled 273-page slide deck that discusses a wide variety of Hain Celestial products, including numerous product lines (such as Greek Gods yogurt and Spectrum cooking oil) that are not at issue in this case and numerous Earth's Best products (such as formula) that are not at issue either. These slides include detailed information about the financial performance of specific products, reveal information about Hain Celestial's competitors and competitive pressures facing its various product lines, and reflect confidential and proprietary consumer research. The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

3. Exhibit 4 to the Declaration of Hayley Reynolds is a slide deck titled "Earth's Best Sesame Street Partnership Meeting," which discusses several Hain Celestial products that feature licensed Sesame Street characters and includes detailed information related to the financial performance of these products and Hain Celestial's pricing strategy. The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

4. Exhibit 6 to the Declaration of Hayley Reynolds is a slide deck titled "Innovation," which discusses several of the products at issue in this lawsuit and includes detailed information related to the financial performance of these products and Hain Celestial's pricing strategy. The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2; *Qualcomm*, 2022 WL 4137580, at *2.

5. Exhibit 7 to the Declaration of Hayley Reynolds consists of an email chain that attaches a slide deck titled "Earth's Best Sesame Street & Walmart." One slide in this presentation includes detailed information related to the financial performance of Hain Celestial's portfolio of Sesame Street-branded Earth's Best products. The information in that slide is competitively sensitive, confidential business information that Hain Celestial shared with Walmart on a

confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Walmart *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2; *Qualcomm*, 2022 WL 4137580, at *2.

6. Exhibit 9 to the Declaration of Hayley Reynolds consists of a slide deck titled "Pouch Strategy." That document discusses the pricing and financial performance of Hain Celestial's pouch products, as well as pouch products sold by several of Hain Celestial's competitors. The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

7. Exhibit 11 to the Declaration of Hayley Reynolds consists of a slide deck titled "Sam's Club Earth's Best Formula." That document discusses the pricing, financial performance, and strategic positioning of Hain Celestial's infant formula and toddler milk drink products, which are not at issue in this litigation. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Sam's Club on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Sam's Club. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

8. Exhibit 12 to the Declaration of Hayley Reynolds consists of a slide deck titled "Hain Baby Review." That document discusses the pricing, financial performance, and strategic positioning of Hain Celestial's portfolio of baby food products, as well as proposed line extensions for the Earth's Best brand. The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox,* 2016 WL 3176557, at *2.

9. Exhibit 13 to the Declaration of Hayley Reynolds consists of a slide deck titled "Publix Baby Review." That document discusses the pricing and financial performance of Hain Celestial's baby food products, as well as Publix's performance compared to other grocers. The

information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Publix on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Publix. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

10. Exhibit 14 to the Declaration of Hayley Reynolds consists of a slide deck titled "Walmart Kid's Meals." This document includes detailed information relating to the performance of the Earth's Best portfolio, potential line extensions for the Earth's Best brand, and the performance and strategic positioning of other Hain Celestial brands such as Ella's Kitchen and Garden Veggie. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Walmart on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Walmart. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

11. Exhibit 15 to the Declaration of Hayley Reynolds consists of a slide deck titled "Organic Baby Food – CDT and Innovation Matrix." This document includes detailed information relating to the financial performance of various Earth's Best products, Hain Celestial's strategic positioning vis-à-vis its competitors, and proposed line extensions and areas of innovation. The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

12. Exhibit 16 to the Declaration of Hayley Reynolds consists of a slide deck titled "Whole Foods Category Insights." It includes detailed information relating to the financial performance of various Earth's Best products, confidential and proprietary consumer research, and information relating to sales of the products through Whole Foods Market. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Whole Foods on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like

Whole Foods. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2; *Qualcomm*, 2022 WL 4137580, at *2.*See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

13. Exhibit 17 to the Declaration of Hayley Reynolds consists of a slide deck titled "Performance Driven Consumption Focused Better for You Baby." It reflects information about Hain Celestial's marketing strategy, the financial performance of its Earth's Best products, confidential and proprietary consumer research, and information about proposed line extensions for the Earth's Best brand. The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

14. Exhibit 19 to the Declaration of Hayley Reynolds consists of a slide deck titled "BJ's Earth's Best Formula and Snacks." It includes detailed information about the financial performance of the Earth's Best products at BJ's Wholesale Club and the positioning of Earth's Best formula products vis-à-vis those of Hain Celestial's competitors. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with BJ's Wholesale Club on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like BJ's Wholesale Club. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

15. Exhibit 20 to the Declaration of Hayley Reynolds consists of a slide deck titled "Your Partner in Health and Wellness Solutions." It includes detailed information about the financial performance of various Earth's Best products at Stater Brothers Markets, as well as information about the performance of products sold by competing manufacturers. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Stater Brothers on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Stater Brothers. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*,

2016 WL 3176557, at *2.

16. Exhibit 21 to the Declaration of Hayley Reynolds consists of a slide deck titled "Whole Foods Innovation Summit." It includes confidential and proprietary information about the marketing and projected performance of dozens of Hain Celestial products, the majority of which are not sold under the Earth's Best brand and are not at issue in this lawsuit. The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial, including in future discussions with Whole Foods. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

17. Exhibit 22 to the Declaration of Hayley Reynolds consists of a slide deck titled "BJ's Baby Food Review." It includes detailed information about the financial performance of the Earth's Best products at BJ's Wholesale Club, discusses the positioning of Hain Celestial's products vis-à-vis those of its competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with BJ's Wholesale Club on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like BJ's Wholesale Club. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

18. Exhibit 23 to the Declaration of Hayley Reynolds consists of a slide deck titled "A pioneer in organic baby food for more than 30 years," which Hain Celestial prepared for a meeting with Wegmans Food Markets. It includes detailed information about the financial performance of the Earth's Best products at Wegmans (as well as information about Wegmans's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Wegmans on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Wegmans. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016

WL 3176557, at *2.

19. Exhibit 24 to the Declaration of Hayley Reynolds consists of a slide deck titled "A pioneer in organic baby food for more than 30 years." It includes detailed information about Hain Celestial's marketing strategy and the financial performance of various Earth's Best products, including products like formula, cereal, and jarred baby food that are not at issue in this litigation. The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

20. Exhibit 25 to the Declaration of Hayley Reynolds consists of a slide deck titled "A pioneer in organic baby food for more than 30 years." It includes detailed information about Hain Celestial's marketing strategy and the financial performance of various Earth's Best products, including products like formula, cereal, and jarred baby food that are not at issue in this litigation. The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

21. Exhibit 26 to the Declaration of Hayley Reynolds consists of a compilation of slides discussing the financial performance of the Earth's Best brand and strategic challenges and opportunities for Hain Celestial, as well as slides discussing the Greek Gods brand (which is not at issue in this litigation). The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

22. Exhibit 27 to the Declaration of Hayley Reynolds consists of a slide deck titled "Project Nourish Teaser," which Rothschild & Company, a third-party advisory firm, prepared for Hain Celestial in connection with a potential sale of the Earth's Best brand. It includes detailed information regarding Hain Celestial's financial performance and marketing strategy, and recipients of this slide deck were required to sign a non-disclosure agreement due to the confidential nature of the information set forth therein. The disclosure of this information would

pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

23. Exhibit 28 to the Declaration of Hayley Reynolds consists of a slide deck titled "Whole Foods Market Baby Category Review 2022." The presentation includes detailed financial data related to the performance of the products at issue, references confidential and proprietary consumer research, and discusses the positioning of Hain Celestial's products vis-à-vis those sold by competing manufacturers. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Whole Foods on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Whole Foods. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

24. Exhibit 29 to the Declaration of Hayley Reynolds consists of a slide deck titled "MDI." It includes detailed information about Hain Celestial's marketing strategy and the financial performance of various Earth's Best products, including products like formula, cereal, and jarred baby food that are not at issue in this litigation. The disclosure of this information would pose a significant risk of competitive harm to Hain Celestial. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

25. Exhibit 30 to the Declaration of Hayley Reynolds consists of a slide deck titled "Earth's Best Baby Food at K-VA-T." It includes detailed information about the financial performance of the Earth's Best products at K-VA-T supermarkets (as well as information about K-VA-T's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with K-VA-T on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like K-VA-T. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

26. Exhibit 31 to the Declaration of Hayley Reynolds consists of a slide deck titled "Earth's Best Baby Food & Formula at Albertsons [&] Safeway" It includes detailed information about the financial performance of the Earth's Best products at Albertsons and Safeway supermarkets (as well as information about Albertsons's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Albertsons (which owns and operates Safeway stores) on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Albertsons and Safeway. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

27. Exhibit 32 to the Declaration of Hayley Reynolds consists of a slide deck titled "Earth's Best Baby Food & Formula at Hannaford." It includes detailed information about the financial performance of the Earth's Best products at Hannaford supermarkets (as well as information about Hannaford's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Hannaford on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Hannaford. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

28. Exhibit 33 to the Declaration of Hayley Reynolds consists of a slide deck titled "Lowes." It includes detailed information about the financial performance of the Earth's Best products at Lowes Market (as well as information about Lowes's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial

shared with Lowes on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Lowes. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

29. Exhibit 34 to the Declaration of Hayley Reynolds consists of a slide deck titled "H-E-B." It includes detailed information about the financial performance of the Earth's Best products at H-E-B supermarkets (as well as information about H-E-B's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with H-E-B on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like H-E-B. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

30. Exhibit 35 to the Declaration of Hayley Reynolds consists of a slide deck titled "Food Lion." It includes detailed information about the financial performance of the Earth's Best products at Food Lion supermarkets (as well as information about Food Lion's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Food Lion on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Food Lion. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

31. Exhibit 36 to the Declaration of Hayley Reynolds consists of a slide deck titled "Earth's Best Baby Food at Stop & Shop." It includes detailed information about the financial performance of the Earth's Best products at Stop & Shop supermarkets (as well as information

about Stop & Shop's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Stop & Shop on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Stop & Shop. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

32.     Exhibit 37 to the Declaration of Hayley Reynolds consists of a slide deck titled "SpartanNash." It includes detailed information about the financial performance of the Earth's Best products at SpartanNash supermarkets (as well as information about SpartanNash's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with SpartanNash on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like SpartanNash. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

33.     Exhibit 38 to the Declaration of Hayley Reynolds consists of a slide deck titled "Earth's Best Baby Food Harris Teeter." It includes detailed information about the financial performance of the Earth's Best products at Harris Teeter supermarkets (as well as information about Harris Teeter's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Harris Teeter on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Harris Teeter. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

34. Exhibit 39 to the Declaration of Hayley Reynolds consists of a slide deck titled "Earth's Best Baby Food & Formula at Giant Eagle." It includes detailed information about the financial performance of the Earth's Best products at Giant Eagle supermarkets (as well as information about Giant Eagle's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Giant Eagle on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Giant Eagle. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

35. Exhibit 40 to the Declaration of Hayley Reynolds consists of a slide deck titled "Nugget Market." It includes detailed information about the financial performance of the Earth's Best products at Nugget Market supermarkets (as well as information about Nugget Market's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Nugget Market on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Nugget Market. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

36. Exhibit 41 to the Declaration of Hayley Reynolds consists of a slide deck titled "Earth's Best Baby Food & Formula Schnucks." It includes detailed information about the financial performance of the Earth's Best products at Schnucks supermarkets (as well as information about Schnucks's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Schnucks on a confidential basis.

Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Schnucks. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

37. Exhibit 42 to the Declaration of Hayley Reynolds consists of a slide deck titled "Earth's Best Baby Food & Formula at Basha's." It includes detailed information about the financial performance of the Earth's Best products at Basha's supermarkets (as well as information about Basha's' financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Basha's on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Basha's. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

38. Exhibit 43 to the Declaration of Hayley Reynolds consists of a slide deck titled "Earth's Best Baby Food & Formula at Big Y." It includes detailed information about the financial performance of the Earth's Best products at Big Y supermarkets (as well as information about Big Y's financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Big Y's on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Big Y's. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

39. Exhibit 44 to the Declaration of Hayley Reynolds consists of a slide deck titled "Earth's Best Baby Food & Formula at Busch's." It includes detailed information about the financial performance of the Earth's Best products at Busch's supermarkets (as well as information about Busch's financial performance more generally), discusses the positioning of the Earth's Best

products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Busch's on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Busch's. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

40. Exhibit 45 to the Declaration of Hayley Reynolds consists of a slide deck titled "Earth's Best Baby Food & Formula at Buehler's." It includes detailed information about the financial performance of the Earth's Best products at Buehler's supermarkets (as well as information about Buehler's' financial performance more generally), discusses the positioning of the Earth's Best products vis-à-vis those of Hain Celestial's competitors, and reflects confidential and proprietary consumer research. The information in this presentation is competitively sensitive, confidential business information that Hain Celestial shared with Buehler's on a confidential basis. Its public disclosure would place Hain Celestial at a significant risk of competitive harm and would undermine its relationships with retailers like Buehler's. *See Nixon*, 435 U.S. at 598; *Adobe*, 141 F.R.D. at 161–62; *Miotox*, 2016 WL 3176557, at *2.

\* \* \*

Leaving aside the risk of competitive harm, the exhibits Hain Celestial seeks to seal are all documents that Hain Celestial keeps confidential in the ordinary course of business and does not disclose to the public. *See generally Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (directing courts to consider both "the measures taken to guard the information's secrecy" and "the value of the information to the business or its competitors" in determining whether information should be sealed). Nonetheless, even though Hain Celestial does not disclose any portion of these exhibits to the public, it seeks to seal only narrow portions of these exhibits that contain competitively sensitive information, as reflected in its proposed redactions.

## CONCLUSION

The Court should seal the identified portions of the exhibits discussed above.

DATED:  December 23, 2024             JENNER & BLOCK LLP

                                      By:      /s/   Alexander M. Smith
                                              Alexander M. Smith

                                      Attorneys for Defendant
                                      The Hain Celestial Group, Inc.