**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley A. Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiffs Tracy
Howard, Adina Ringler, and Trecee Artis*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| TRACY HOWARD, ADINA RINGLER, and TRECEE ARTIS on behalf of themselves and those similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>THE HAIN CELESTIAL GROUP, INC. d/b/a EARTH'S BEST,<br><br>　　　　　　　Defendant. | Case No.: 3:22-cv-00527-VC<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY<br><br>Hon. Vince Chhabria |

This Court should deny Defendant's request to file supplemental authority because the authority is inapplicable to its motion for summary judgment. Plaintiffs claim Defendant's Products are unlawful because they are intended for children under two and make nutrient content claims. Plaintiffs further claim that Defendant's targeted consumers, i.e., consumers purchasing for children under two, are misled by Defendant's labeling into believing the Products are healthy when they are in fact harmful.

Defendant requests the Court consider the FDA's new rule governing the use of the implied nutrient content claim, "healthy." Smith Dec., Ex. 1, Food Labeling: Nutrient Content Claims; Definition of Term "Healthy," 89 Fed. Reg. 106064 (Dec. 27, 2024) (hereinafter "the Rule"). However, by the Rule's own words: "For purposes of this rule, when we refer to foods as recommended or encouraged by the Dietary Guidelines, 2020–2025, we are referring to only those foods that are recommended or encouraged for adults and children 2 years of age or older because that is the population for which the claim is intended." See Smith Dec., Ex. 1 at 3 (89 Fed. Reg. 106065). Inherent in the Rule is the recognition that the word "healthy" could not be used on products intended for children under two because it is a prohibited nutrient content claim. Because the claim could not be used on Products like Defendant's, any discussion in the Rule regarding what is or is not "healthy" is irrelevant to Plaintiffs' claims.

Even if the Court were to consider the Rule, it does not resolve the dispute of fact over whether the Products are 1) healthy for children under two; or 2) intended for children under two. Notably absent from Defendant's summary judgment motion is discussion of whether the Products meet the qualifications to include a "healthy" claim, even if such a claim were permitted on Defendant's Products intended for children under two. They do not. For example, the Apple Blueberry Fruit Yogurt Smoothie pouch product contains 4g added sugar, which according to the Nutrition Facts Panel ("NFP") is 18% DV for the Product. The Rule prohibits the use of "healthy" on fruit products that contain more than 2% DV added sugar. *See* Smith Dec., Ex. 1 at 101 (89 Fed. Reg. 106163) (Table 2). The beef medley pouch has 1.5g saturated fat. The beef medley pouch does not include a %DV for saturated fat because the NFP is formatted for Products intended for

- 2 -

children younger than 12 months. If the Product did include a %DV based on the recommended limit for children 1-3 years old, it would be 15% DV, which itself disqualifies the Product from using the "healthy" claim under the Rule. *See id*.

While the Rule does address fruit and vegetable purees, it does not address the pouch format of the hypothetical purees and whether that contributes to the Products' health risks for children under two. Thus, contrary to Defendant's conclusion that the Rule bears "directly on Plaintiffs' claim that the pouch format of the products suggests they are intended specifically for children under two," (ECF 208 at 1), the Rule contributes nothing to the analysis of whether Defendant intends the Products be purchased for children under two. Further, the Rule only addresses the use of nutrient content claims that can be made lawfully; Defendant's Products do not fall into that category. And, even if the claims were lawful, the Rule still acknowledges that claims can only be made on labels so long as they are "non-misleading," which is the heart of the dispute of fact.

Because the Rule is not relevant to the issues pending before the Court, the Court should deny leave to file the supplemental authority and summary judgment.

Dated: January 3, 2025

                                                **GUTRIDE SAFIER LLP**

                                                */s/ Hayley A. Reynolds*
                                                Seth A. Safier (State Bar No. 197427)
                                                  seth@gutridesafier.com
                                                Marie A. McCrary (State Bar No. 262670)
                                                  marie@gutridesafier.com
                                                Hayley A. Reynolds (State Bar No. 306427)
                                                  hayley@gutridesafier.com
                                                100 Pine Street, Suite 1250
                                                San Francisco, CA 94111
                                                Telephone: (415) 639-9090
                                                Facsimile: (415) 449-6469

                                                *Attorneys for Plaintiffs Tracy*
                                                *Howard, Adina Ringler, and Trecee Artis*