UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOWARD, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HAIN CELESTIAL GROUP, INC., et al.,<br><br>        Defendants. | Case No. 22-cv-00527-VC<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 192 |

The motion for summary judgment is granted. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties. Hain's motion for leave to file a notice of supplemental authority is denied because the authority Hain seeks leave to file is not relevant to the Court's decision.

*Products no plaintiff purchased.* The motion is granted as to the ten products not purchased by any plaintiff. *Cf. Garrison v. Whole Foods Market Group, Inc.*, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014).

*Unlawful prong claim.* Whether this claim can proceed to a jury turns on the interpretation of the phrase "intended specifically for use by infants and children less than 2 years of age" in 21 C.F.R. § 101.13(b)(3). The FDA hasn't defined the term, and its meaning is unclear. But the best interpretation is that it means something like "intended primarily." This is somewhat odd, because "specifically" does not mean "primarily." But in issuing the final rule, the FDA noted that it had "not prohibited claims on foods that are promoted for infants and children under the age of 2 but that are intended primarily for adults and older children." 58 Fed. Reg. 2302, 2305 (Jan. 6, 1993). That statement indicates that a product is not necessarily

"intended specifically" for children under two even if it is sometimes advertised as intended for those children. This is also somewhat odd—it creates a fuzzy standard that seems like it allows companies to effectively circumvent the regulation and advertise products as being for children under two, despite the FDA saying that it doesn't want nutrient content claims on products directed to those children. *See* 56 Fed. Reg. 60421, 60424 (Nov. 27, 1991). But anyway, by including this language in the final rule—clarifying that products "intended primarily" for people older than two are not subject to the prohibition on nutrient content statements, even if those products are also advertised as being for children under two—the FDA has given support to the defendants' interpretation of the phrase "intended specifically for." Even though "intended primarily for" is far from the most obvious reading of "intended specifically for," it's the most plausible interpretation given the available evidence.[1]

On this interpretation of § 101.13(b)(3), summary judgment must be granted for Hain because no reasonable jury could conclude that the products at issue are intended primarily for children under two. The plaintiffs put forward strong evidence—in particular, Hain's internal presentations—showing that Hain intends the products to be consumed by children under two. If "intended specifically for" meant "intended for" or "actively promoted to," the plaintiffs would get to go to trial (or would maybe even win on summary judgment). But the plaintiffs' evidence does not show that the products are intended *primarily* for use by children under two. And on the other hand, Hain presents evidence indicating that the products are *not* intended primarily for children under two. For instance, the products' labels have a disclaimer stating that the products are for "ages 2+" or "2 and up." There are also significant differences between the packaging of the challenged products and the packaging of those that Hain indisputably intended primarily for

---

[1] Another way to think about it is this: When drafting a regulation, an agency has a right to define a phrase the way it wishes (no matter how weird the definition is) so long as it articulates that definition. Here, it's not clear what "intended specifically for" means, but the agency seemed to give it meaning when publishing the rule, suggesting that it's synonymous with "intended primarily for." It may be a weird meaning, and it may not make a lot of sense from a policy standpoint (because it might make more sense to simply say that if you market the product at all to parents with children under two, you can't have nutrient content claims on it), but this is the Court's best understanding of how the agency has defined the phrase.

2

babies (many of which have front-label statements like "9+ months," which are absent here).

*Fraud claims.* Summary judgment is also granted as to the fraud-based claims. For one thing, given the disclaimers, it's not clear that a reasonable jury could find that a reasonable consumer would think that the labels suggest that the products are healthy for children under two. *Cf. Whiteside v. Kimberly-Clark Corp.*, 108 F.4th 771, 780 (9th Cir. 2024). In any event, the plaintiffs' fraud claims fail because they rely on "hypotheticals and contingencies outside of the scope of this case." *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842, 853 (9th Cir. 2024); *see also Howard v. Gerber Products Co.*, 2024 WL 5264036, at *1 (N.D. Cal. Dec. 31, 2024). The plaintiffs' expert says that the products "contribute to health risks" and "can lead to" various adverse health effects, especially if used frequently. But the plaintiffs do not present evidence that the products are harmful if eaten just "once or a few times," or that any of their own children were harmed by them. *See Gerber*, 2024 WL 5264036, at *1.

*Unjust enrichment claim.* Because summary judgment is granted on the other claims, it is also granted on the plaintiffs' unjust enrichment claim, which is based on the same asserted problems with the products.

**IT IS SO ORDERED.**

Dated: February 5, 2025

VINCE CHHABRIA
United States District Judge